UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-22(02) RM |
| | ) | |
| DARRELL TURNER | ) | |

OPINION AND ORDER

The court of appeals entered a limited remand in this case to determine whether, if defendant Darrell Turner's original sentence were vacated in light of United States v. Booker, 125 S. Ct. 738 (2005), a different sentence would be imposed in light of the non-binding nature of the sentencing guidelines. United States v. Paladino, 401 F.3d 471, 484 (7th Cir. 2005). The court heard argument from counsel on April 11.

In light of Booker, sentencing decisions are governed by the factors in 18 U.S.C. 3553(a), so the court turns to those factors.

*1. Nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1).* Mr. Turner and his brother, Adom Daniels, sold drugs out of an apartment they rented for that purpose from November 2002 through the last day of January 2003. Mr. Turner did so while armed with multiple firearms. After their arrest, the brothers badly beat a person they thought had betrayed them. There is little mitigation to be found in the nature and circumstances of these crimes.

*2. Defendant's history and characteristics, 18 U.S.C. § 3553(a)(1).* Mr. Turner, who has been in custody in this case since February 2003, is 33 years old. He served in the United States Navy, receiving an other than honorable discharge. The presentence report discloses a spotty employment record, with stretches of employment matched by nearly equal stretches of unemployment. Mr. Turner is married with a child,

but has been separated from his wife since 1995 and appears to have no contact with his daughter. He has a prior federal felony conviction and a prior misdemeanor in the state of South Carolina. He has abused alcohol and marijuana in the past.

*3. Need for the sentence to reflect the offense's seriousness, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the crime's seriousness.

*4. Need for the sentence to promote respect for the law, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the need to provide respect for the law.

*5. Need for the sentence to provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A).* The sentencing guidelines ordinarily are the best indication of the appropriate punishment for the offense.

*6. Need for the sentence to afford adequate deterrence to criminal conduct by others, 18 U.S.C. § 3553(a)(2)(B).* The potential for quick money from drug dealing suggests a greater than usual need for an offsetting risk in the interest of deterrence.

*7. Need for the sentence to protect the public from further crimes by the defendant, 18 U.S.C. § 3553(a)(2)(C).* Two of Mr. Turner's counts of conviction (Counts 2 and 4) require a 30-year sentence consecutive to any sentence imposed on the other counts. Even with the shortest of permissible sentences, then, Mr. Turner would be in his late 50's by the time of his release (assuming no changes in the nation's laws). A lengthy sentence on the remaining counts is not necessary to protect the public from Mr. Turner.

*8. Need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment effectively, 18 U.S.C. § 3553(a)(2)(D).* As just noted, Mr. Turner would be in his

late 50's by the time of his release even with the shortest of permissible sentences. The record doesn't suggest any treatment or training that would require longer punishment.

*9. Kinds of sentences available. 18 U.S.C. § 3553(a)(3).* Counts 1, 3, 6, and 7 carry maximum sentences of 20 years' imprisonment. 21 U.S.C. §§ 841(a)(1), 856(a)(1); 18 U.S.C. § 1512(a)(2)(C). Count 5 carries a maximum sentence of 10 years' imprisonment. 18 U.S.C. § 922(g)(1). Counts 2 and 4 requires sentences of 5 and 25 years consecutive to each other and to any other sentence imposed. 18 U.S.C. § 924(c)(1)(A). In light of Booker, then, the court has the authority to select any reasonable sentence from 30 years at the low end to 120 years at the high end.

*10. Sentencing range established by the sentencing guidelines, 18 U.S.C. § 3553(a)(4)(A).* As computed at the time of Mr. Turner's sentencing, the guidelines recommend a sentencing range of 235 to 293 months' imprisonment on Counts 1, 3, 5, 6, and 7, computed as follows: Counts 1, 3 (possession with intent to distribute cocaine base), 5 (felon in possession of firearm), and 6 (maintaining a crack house) are grouped together under U.S.S.G. § 3D1.2(d). Because the court found the drug quantity to be 50 to 150 grams of crack cocaine (and quite possibly higher), the base offense level for that group is 32. U.S.S.G. § 2D1.1(c)(4). That offense level is increased by two levels because of Mr. Turner's managerial role in the crack house operation, U.S.S.G. § 3B1.1, and by another two levels because Mr. Turner's knowingly false trial testimony amounted to an obstruction of justice, U.S.S.G. § 3C1.1, producing an offense level of 36 for that group.

The base offense level for Count 7 (assault on a witness to prevent communication with law enforcement) is 22, U.S.S.G. § 2A2.1, increased by two levels because the assault resulted in serious bodily injury to the victim, U.S.S.G. § 2A2.1(b)(1)(B), and by another two levels to reflect the physical restraint of the victim as he was beaten. U.S.S.G. § 3A1.3. The court overruled the government's

3

contention that the offense level on Count 7 should be increased for obstruction of justice, so the final offense level for the "group" consisting solely of Count 7 is 26. Because that offense level (26) is more than eight levels less serious than the offense level for the other group (36), the higher level becomes the total offense level.

Mr. Turner is assessed six criminal history points – one for his 1995 misdemeanor conviction for criminal domestic violence, U.S.S.G. § 4A1.1(c), two for his 2001 federal conviction for possession of a firearm while a fugitive from justice, U.S.S.G. § 4A1.1(b), two because he was on supervised release when he committed these crimes, U.S.S.G. § 4A1.1(d), and one because these crimes were committed less than two years following his release from federal custody, U.S.S.G. § 4A1.1(e) – placing him in criminal history category III, where a level 36 offender faces a sentencing range of 235-293 months. U.S.S.G. § 5A.

By statute, Count 2 will add five years (60 months) and Count 4 will add 25 years (300 months) to any sentence, so the effective sentencing range recommended by the sentencing guidelines is 595 (235+360) to 653 (293+360) months' imprisonment.

*11. Any policy statements issued by the sentencing commission, 18 U.S.C. § 3553(a)(5).* At the post-remand argument, Mr. Turner's counsel indicated that Mr. Turner's employment record and military service might be mitigating factors. The sentencing commission's policy statement at U.S.S.G. § 5H1.5 provides that employment record is not ordinarily relevant in determining whether a sentence should be outside the recommended range. Although the court considered Mr. Turner's military service in determining his original sentence within the range, the sentencing commission's policy statement at U.S.S.G. § 5H1.11 provides that military service is not ordinarily relevant in determining whether a sentence should be outside the recommended range.

4

*12. Need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6).* The sentencing guidelines provide the best hope for avoiding such disparities on a national basis. On a more local basis, Mr. Turner's brother and co-defendant, Adom Daniels, received a sentence of 247 months on the counts on which he was convicted, consisting of 187 months on Counts 1, 6, and 7, and a consecutive 60-month sentence on Count 2. Mr. Turner's counsel indicated that this sentencing disparity (Mr. Turner was sentenced to 624 months) would be a topic to be addressed at resentencing.

There is no disparity in the sense of similar defendants with similar crimes receiving dissimilar sentences. Mr. Daniels' offense level was determined on the basis of a very similar calculation, except that Mr. Daniels did not play a managerial role (and he did not perjure himself at trial), so his offense level was 34 rather than Mr. Turner's 36. Mr. Daniels had two criminal points (compared to Mr. Turner's six), so was assigned to criminal history category II (compared to Mr. Turner's assignment to category III). While Mr. Turner's sentencing range for the counts without mandatory sentences was 235-293 months, Mr. Daniels' was 168-210 months.

Mr. Daniels actually fared more poorly in the court's selection of the sentence within the range than did Mr. Turner. In Mr. Daniels' case, the court selected the sentence at the mid-point, or 187 months. In Mr. Turner's case, recognizing the length of even a low-end sentence, the court selected a sentence about 31 percent (18 months) above the bottom of the range, or 253 months.

While Mr. Daniels' lesser role and criminal history produced a within-range sentence about 5½ years lower than Mr. Turner's, the big difference came in the application of the mandatory sentencing provisions. Both defendants participated in the offense embodied in Count 2, so both received consecutive 60-month sentences on that count. Only Mr. Turner committed the offense embodied in

5

Count 4, though — Mr. Daniels was not present during that offense — so only Mr. Turner received the additional 25 years Congress requires for the second offense.

Mr. Daniels played a lesser role in the crack house operation than Mr. Turner. Mr. Daniels had a less serious criminal record than Mr. Turner. Mr. Daniels did not perjure himself at trial. Mr. Daniels didn't commit the crime that contributed 25 years (300 months) to Mr. Turner's sentence. This is not a situation in which comparable defendants received disparate sentences for comparable crimes.

*13. Need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).* No restitution is due to any victim.

Review of the factors specifically set forth in 18 U.S.C. § 3553(a) favors a sentence within the recommended sentencing range. The principal gravitation to a sentence below the range comes in the sheer magnitude of what this means: when coupled with the statutory sentences on Counts 2 and 4, a sentence within the range produces a sentence of more than 50 years. So very long a sentence must not be imposed without the greatest care and consideration.

The sentence the court originally selected from within the range, though, amounted to about 22 years. That is not an unreasonable sentence for renting an apartment with the express purpose of selling crack cocaine from it, managing that operation for more than three months, during which just under 150 grams of crack cocaine are sold from the apartment, with a felon possessing a firearm along the way, culminating in a severe beating of a perceived informant to keep him from cooperating in the prosecution. It's difficult to conclude that an otherwise reasonable sentence becomes unreasonable because the defendant also engaged in conduct that Congress deems sufficiently serious to require an extra 30 years' imprisonment.

6

Based on this reasoning, the court determines that, if required to resentence Mr. Turner in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the court would reimpose the original sentence.

SO ORDERED.

ENTERED:   April 13, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   G. Agnello, Clerk, Court of Appeals
      D. Turner
      M. Lenyo
      W. Grimmer
      USPO