UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DARRELL TURNER | ) | |
| | ) | |
| v. | ) | Cause No. 3:06-CV-797 RM |
| | ) | (arising out of 3:03-CR-22(02) RM) |
| UNITED STATES OF AMERICA | ) | |

OPINION AND ORDER

On September 4, 2007, Darrell Turner's petition filed pursuant to 28 U.S.C. § 2255 was denied based upon the court's determination that he had not met the standard required for his ineffective assistance of counsel claims. Mr. Turner has filed an appeal of that order and is before the court asking for an extension of time to file a motion for a certificate of appealability. In support of his requested extension, Mr. Turner represents that the motion for a certificate of appealability is sufficiently complex to require an attorney, that he is indigent and cannot afford an attorney, that he is currently requesting the Court of Appeals to appoint him counsel, and so an extension of time is needed until such an attorney is appointed to represent him. The court denies the extension and construes his motion as requesting a certificate of appealability as well as a request to proceed *in forma pauperis*.

Issuance of a certificate of appealability requires the court to find that Mr. Turner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not done so. Mr. Turner hasn't made a substantial showing that he was denied his right to effective assistance of trial and appellate

counsel. Although reasonable jurists might be able to debate whether Mr. Turner's allegations showed his attorneys to have performed less than acceptably, they could not dispute that his allegations come far short of showing prejudice - that but for the claimed errors his proceedings would have turned out differently. See Strickland v. Washington, 466 U.S. 668, 693-694 (1984).

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Turner's appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, Mr. Turner's motion for extension of time to file a motion for certificate of appealability (Doc. No. 7) is DENIED.  The court further denies Mr. Turner's anticipated motions for a certificate of appealability and to proceed *in forma pauperis*.

SO ORDERED.

ENTERED    September 25, 2007

                                             /s/ Robert L. Miller, Jr.
                                             Chief Judge
                                             United States District Court