UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-22 RM |
| | ) | |
| DARRELL TURNER (02) | ) | |

OPINION and ORDER

On October 21, 2010, the court denied Darrell Turner's motion for discovery, motion for appointment of counsel, and "Motion for Equitable Relief," in which he asked the court to order a "new fair trial" on Count 2 of the Indictment and let him to submit to a lie detector test so that "the full scope of this conspiracy be unraveled to prevail justice." The court concluded that Mr. Turner's motion for equitable relief was, in actuality, a second or successive petition under 28 U.S.C. § 2255 and, based on the September 4, 2007 denial of his original § 2255 petition, denied Mr. Turner's motions as not properly before this court.

Mr. Turner has filed a motion for reconsideration of the denial of his motions and a request for additional discovery.[1] Mr. Turner explains that his motion for equitable relief was meant to be an independent motion under Federal Rule of Civil Procedure 60(d)(1) based on a claim of "fraud" or "fraud on the court." According to Mr. Turner, he's asking the court to consider his claims that the

---

[1] Mr. Turner also filed a motion to amend his motion for equitable relief, but states in his motion for reconsideration that he is withdrawing that motion.

government didn't correct a witness' perjured testimony as required by Napue v. Illinois, 360 U.S. 264 (1959), didn't disclose exculpatory information to him in violation of Brady v. Maryland, 373 U.S. 83 (1963), and didn't disclose promises made to a witness in violation of Giglio v. United States, 405 U.S. 150 (1972). He says Rule 60(d)(1) would permit the court to "use its supervisory powers for purposes of jurisdiction" and reconsider the denial of his motion and grant him a new trial. The court can't agree.

Even if the court were to view Mr. Turner's motion for equitable relief as something other than a successive § 2255 petition, *but see* Best v. United States, Nos. 2:00-CR-171 & 2:08-CV-59, 2010 WL 3782160 (N.D. Ind. Sept. 22, 2010) (denying Rule 60(d)(1) motion as successive § 2255 petition and citing other cases holding that a Rule 60(d) motion filed after dismissal of a § 2255 petition is a second or successive claim under 28 U.S.C. § 2255 for which the movant must first obtain permission from the court of appeals), a request for a new trial in the criminal context is governed by Federal Rule of Criminal Procedure 33, which provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," Fed. R. Crim. P. 33(b)(1), and "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). The guilty verdict in Mr. Turner's case was returned on April 23, 2003, so the motion for equitable relief would be untimely and Mr. Turner wouldn't be entitled to the relief he seeks.

Mr. Turner hasn't demonstrated that his motion for equitable relief/motion under Federal Rule of Civil Procedure 60(d)(1) isn't a second or successive petition under 28 U.S.C. § 2255, so the court DENIES his motion for reconsideration [docket # 227], DENIES his motion for additional discovery [docket # 225], and GRANTS his request to withdraw his motion to amend his motion for equitable relief [docket # 226].

SO ORDERED.

ENTERED:   November 23, 2010

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: D. Turner
AUSA Grimmer