UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-22 RM |
| | ) | |
| DARRELL TURNER (02) | ) | |

OPINION and ORDER

Darrell Turner is again before the court, having filed his second "Motion Pursuant to 60(d)(1) 'Fraud on the Court,'" which he says is intended as an independent action "not to be confused with any other filing." Mr. Turner alleges that a fraud was perpetrated on the court during his trial, his appeal, and the proceedings on his § 2255 petition "through fraudulent concealment, misrepresentation, perjury, suborning of perjury, intimidation of witness, and assault of a witness" that resulted in "officers of the court secur[ing] a judgment in their favor during [his] trial and collateral proceedings." Mot., at 3. Mr. Turner bases those allegations on filings made in Cause No. 3:04-CV-550 [Laron Ross v. Detective Mark Swistek, Deputy Prosecuting Attorney Atley Price, and LaPorte County Jail officials Jordan, Thorpe, and Logwood], a civil action filed in this court by Laron Ross, who, while working as a confidential informant for LaPorte County, Indiana, law enforcement, purchased drugs from Mr. Turner and then testified against Mr. Turner at trial. Mr. Ross claimed in his civil action that LaPorte County officials failed to protect him in 2003 from being beaten and stabbed by Mr. Turner and Adom Daniels (Mr. Turner's brother) while they were all in custody

at the LaPorte County Jail. Mr. Turner says it wasn't until September 2010 that he learned about Mr. Ross' civil action and was able to obtain copies of filings from that case. According to Mr. Turner, the documents filed by Mr. Ross and the defendants in the civil case constitute evidence of a conspiracy by government officials to perpetrate a fraud on the court during Mr. Turner's criminal trial, his appeal, and his § 2255 petition proceedings. Mr. Turner seeks dismissal of the charges against him "in accordance with sanctions designed for fraud on the court." Mot., at 19.

In October 2010, Mr. Turner filed a "Motion for Equitable Relief" in which he similarly claimed, also in reliance on filings made by Laron Ross and the defendants in Cause No. 3:04-CV-550, that government officials conspired to violate his rights by calling Mr. Ross to testify against him at trial. Mr. Turner asked the court to order a "new fair trial" and allow him to submit to a lie detector test so that "the full scope of this conspiracy be unraveled to prevail justice." The court denied Mr. Turner's October motion, initially and on reconsideration, concluding that because Mr. Turner was claiming that "the government didn't correct a witness' perjured testimony as required by Napue v. Illinois, 360 U.S. 264 (1959), didn't disclose exculpatory information to him in violation of Brady v. Maryland, 373 U.S. 83 (1963), and didn't disclose promises made to a witness in violation of Giglio v. United States, 405 U.S. 150 (1972)," the Motion for Equitable Relief was, in actuality, a second or successive petition under 28 U.S.C. § 2255

2

not properly filed in this court.[1] Op. and Ord. (Nov. 23, 2010), at 2. Like his Motion for Equitable Relief, Mr. Turner's most recent filing contains allegations of fraud and defects in connection with his criminal trial, so the court's earlier conclusion that his claims amount to a second or successive petition under 28 U.S.C. § 2255 applies equally to his current motion.

"'Fraud upon the court' under [Federal Rule of Civil Procedure] 60(d) embraces only fraud which does or attempts to defile the court itself . . . so that the [judiciary] cannot [properly decide the] cases that are presented for adjudication, and relief should be denied in the absence of such conduct." Study v. United States, No. 1:10-CV-153, 2010 WL 1881947, at *2 (S.D. Ind. May 7, 2010) (internal quotation and citation omitted). Thus, independent actions under Rule 60(d) are "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata," United States v. Beggerly, 524 U.S. 38, 48 (1998), and are available "only to prevent a grave miscarriage of justice." 524 U.S. at 47.

Mr. Turner has tried to characterize his motion as a challenge to the integrity of the judicial proceedings, but his arguments attack the substance of his criminal conviction. Mr. Turner cites the following as evidence of a fraud on the court: Laron Ross' credibility as a witness was suspect, the extent of the deal offered to Laron Ross by LaPorte County officials in exchange for Mr. Ross'

---

[1] The court denied Mr. Turner's original § 2255 petition on September 4, 2007.

testimony against Mr. Turner wasn't revealed, and Laron Ross' arrest and assignment to a cell at the LaPorte County Jail placed Mr. Ross in a position to be beaten and stabbed by Mr. Turner and his brother. While Mr. Turner summarily concludes that concealment of those facts by state and federal officials prevented him from presenting defenses of bias, impeachment, entrapment, and fraud on the court at trial, the record establishes that the conduct of which he complains wasn't concealed from him, his counsel, or the jury.[2]

The conduct challenged by Mr. Turner relates to the substance of his conviction and, in light of the evidence adduced at his trial, doesn't rise to the level of "fraud on the court" contemplated by Federal Rule of Civil Procedure 60(d). Mr. Turner hasn't demonstrated that his current motion isn't a second or successive petition under 28 U.S.C. § 2255. *See* United States v. Head, No. 02-75(1), 2010 WL 2545857, at *1 (D. Minn. June 21, 2010) ("Head alleges

---

[2] The transcript of Mr. Turner's trial shows that all of facts Mr. Turner raises were disclosed during his trial: the jury heard testimony from Laron Ross that he was facing drug-trafficking and dog fighting charges in LaPorte County; he was hoping to receive favorable treatment in exchange for his testimony; he had prior felony and misdemeanor convictions; he was a drug user; he stole and sold drugs to support his own drug habit; he cooperated with LaPorte County law enforcement by working as a confidential informant; while working as a confidential informant he was arrested because he stole a portion of the drugs he purchased with police buy money; he was assaulted in the LaPorte County Jail by Mr. Turner and Mr. Turner's brother as they called him (Mr. Ross) a snitch and told him to die; the beating made Mr. Ross nervous about testifying; he had purchased drugs from Mr. Turner five or six times; and during a January 30, 2003 controlled buy at Mr. Turner's house, Mr. Ross saw Mr. Turner with a gun in the waistband of his pants. *See* Trial Tr., at 305-328. During cross-examination of Mr. Ross by Mr. Turner's counsel, Mr. Ross explained that prior to January 20, 2003 he was addicted to crack cocaine and would have done anything to get drugs; he said that in mid-January 2003 he was arrested for a drug offense and then decided to begin working as a confidential informant in an attempt to get more favorable treatment on his drug case; and he admitted that in February 2003, while he was working as a confidential informant, he stole some of the drugs he bought with drug task force moneys. *See* Trial Tr., at 331-338.

4

constitutional and fraudulent defects in the proceedings of the underlying trial. Therefore, . . . his Rule 60(b) motion amounts to a successive habeas corpus petition."). Therefore, the court DENIES Mr. Turner's Motion Pursuant to Rule 60(d) 'Fraud on the Court' [docket # 239] and his motion to supplement his Rule 60(d) motion [docket # 242]. The court also notes that in Mr. Turner's "Motion to Alert the Court" [docket # 241], he has asked that the Clerk of the Court provide him with copies of depositions in Cause No. 3:04-CV-550. To the extent Mr. Turner is requesting that copies of documents not filed in this case be provided to him without cost, the court must DENY his request. Information about how to purchase copies of documents filed in other cases can be obtained by contacting the Clerk of the Court.

SO ORDERED.

ENTERED:  January 7, 2011 

　　　　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr. 
　　　　　　　　　　　　　　　　　Judge, United States District Court

cc:　　D. Turner
　　　　AUSA Grimmer