UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:03-CR-22 RM |
| ) | |
| DARRELL TURNER (02) ) | |

OPINION and ORDER

On January 7, 2011, the court denied Darrell Turner's motion pursuant to Federal Rule of Civil Procedure 60(d) for fraud on the court and his motion to supplement his Rule 60(d) motion with additional evidence. Mr. Turner filed a notice of appeal, and his appeal pends before the Seventh Circuit Court of Appeals as Case No. 11-1164. Mr. Turner is now before the court having filed a motion for reconsideration of the denial of those motions and to add newly discovered evidence and a motion for recusal of this judge.

While the filing of a notice of appeal generally deprives a district court of jurisdiction to decide further motions based on aspects of a case involved in the appeal, *see* Boyko v. Anderson, 185 F.3d 672, 674 (7th Cir. 1999) ("The filing of the appeal . . . deprived the district court of jurisdiction over the case. . . . This rule is necessary to prevent one court's stepping on the toes of the other, which would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time."); Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district

court of its control over those aspects of the case involved in the appeal."), the court "does have the power to deny, but not to grant, a Rule 60(b) motion filed while an appeal is pending." Boyko v. Anderson, 185 F.3d at 675; *see also* Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008) ("After an appeal has been filed, the district court may still consider a motion for relief from judgment under Fed. R. Civ. P. 60(b)."). Mr. Turner's motions will be addressed separately below.

I. MOTION TO RECUSE

Mr. Turner bases his motion to recuse on 28 U.S.C. § 455(a), which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Mr. Turner asks this judge to "recuse himself at this point and transfer petitioner's motion for reconsideration to another judge or deny this motion so that he can file [a] Mandamus." Mot., at 5. A motion under § 455(a) requires consideration of "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits," an objective inquiry that's "limited to outward manifestations and reasonable inferences drawn therefrom." Raphlah v. Indiana Med. Bd., No. 1:03-CV-1665, 2007 WL 3285805, at *1 (S.D. Ind. Nov. 5, 2007) (*quoting* In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004)).

Disqualification under § 455(a) can be appropriate when there is an appearance of bias, as opposed to actual bias. Mr. Turner claims these facts demonstrate an appearance of bias: (i) this judge presided over Mr. Turner's jury

2

trial in 2003 when Mr. Turner was found guilty on all charges; (ii) witnesses against Mr. Turner at his trial included Mark Swistek, a detective with the Michigan City, Indiana, police department, and Laron Ross, a confidential informant who bought drugs from, and was assaulted by, Mr. Turner; (iii) this judge denied Mr. Turner's § 2255 petition on September 4, 2007; (iv) in October 2007, this judge signed an order reassigning a civil case filed by Laron Ross against Mark Swistek and other LaPorte County officials[1], Cause No. 3:04-CV-550, from one judge of this court (Hon. Allen Sharp) to another (Hon. Philip Simon); and (v) in October 2010, Mr. Turner filed various motions seeking to have his conviction set aside for fraud on the court based on filings made by Laron Ross and the defendants in Cause No. 3:04-CV-550, and this judge denied Mr. Turner's motions as not properly before this court. According to Mr. Turner, a reasonable person could conclude that because the civil action filed by Laron Ross contained the same names as persons involved in Mr. Turner's criminal trial, this judge was aware of the alleged scheme to conceal evidence from Mr. Turner and should have "alerted the defense and took action to protect the constitutional rights of the petitioner." Mot., at 5. Mr. Turner concludes that based on that fact scenario, a reasonable person could perceive "a significant risk that the judge will resolve the case on a basis other than the merits." Mot., at 5.

---

[1] Mr. Ross's civil action was based on his claim that LaPorte County officials failed to protect him from being beaten and stabbed by Mr. Turner and Mr. Turner's brother while they were all in custody at the LaPorte County Jail before Mr. Turner's trial.

The record of Cause No. 3:04-CV-550 shows that the case was initially assigned to Judge Sharp, who presided over all proceedings in the case from August 2004 until October 16, 2007, when the following order was entered:

> Due to Judge Sharp's present unavailability, the Clerk is hereby directed to randomly reassign this case to another judge in the district. If Judge Sharp becomes available to preside while this case remains pending, it may be reassigned to Judge Sharp. Judge Sharp agrees with this reassignment.

Civil Cause No. 3:04-CV-550 was randomly reassigned to Judge Simon, who handled the case thereafter.

The October 16, 2007 reassignment order in Cause No. 3:04-CV-550 was signed by this judge in his official capacity as Chief Judge of the United States District Court for the Northern District of Indiana. An administrative order, like the one here at issue, that doesn't address or affect the merits of the case is insufficient to "constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "A judge's ordinary efforts at [court] administration . . . remain immune." Id.; *see also* New York City Housing Dev. Corp. v. Hart, 796 F.2d 976, 979 (7th Cir. 1986) ("procedural rulings that do not affect the merits of the case (the 'substantial rights of the parties') are not good reasons to reverse the final judgment"); Ridge Gold Std. Liquors, Inc. v. Joseph E. Seagram & Sons, Ltd., 572 F. Supp. 1210, 1212-1213 (N.D. Ill. 1983) ("It is well recognized that a federal district court has the inherent power to administer its docket in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases.").

Too, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. at 555. This judge's denial of Mr. Turner's motions in his criminal case doesn't demonstrate antagonism, establish bias, or constitute "evidence that the [judge] had it 'in' for the party for reasons unrelated to the [judge's] views of the law.'" Keith v. Barnhart, 473 F.3d 782, 789 (7th Cir. 2007) (*quoting* McLaughlin v. Union Oil Co. of Calif., 869 F.2d 1039, 1047 (7th Cir. 1989)). "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.' Such rulings are proper grounds for appeal, not for recusal." Gocke v. Potter, No. 1:07-CV-163, 2008 WL 111068, at *2 (S.D. Ind. Jan. 7, 2008) (*quoting* Liteky v. United States, 510 U.S. 540, 555 (1994)).

Recusal is required under § 455(a) only when a judge's decision might "reasonably" be questioned. "The inquiry is objective, from the point of view of a reasonable person with access to all of the facts." New York City Housing Dev. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir. 1986). Mr. Turner hasn't presented evidence or allegations sufficient to show or suggest that a reasonable person, with access to all the facts associated with the events at issue, might reasonably question the impartiality of this judge. Mr. Turner's motion for recusal is denied.

II. Motion to Reconsider/Add Newly Discovered Evidence

While Mr. Turner cites no legal basis for his motion to reconsider, Federal Rule of Civil Procedure 60 provides that a court may "relieve a party . . . from a final judgment, order, or proceeding [based on] newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." FED. R. CIV. P. 60(b)(2). A Rule 60 motion will be granted on the basis of newly discovered evidence only if the evidence is material and not merely cumulative or impeaching. Jones v. Lincoln Elec. Co., 188 F.3d 709, 732 (7th Cir. 1999). Relief under Rule 60 is an "extraordinary remedy that is only to be granted under exceptional circumstances." Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 762 (7th Cir. 2001).

Mr. Turner says his motion based on fraud on the court was wrongly denied because the court misconstrued his arguments. According to Mr. Turner, he isn't complaining about facts that were available at the time of his trial; rather, he's complaining about facts that aren't in the record of his trial proceedings – facts he says show a scheme to defraud the court and prevent the jury at his trial from learning the true facts. Mr. Turner submits excerpts of a deposition of Laron Ross as "newly discovered evidence" of the scheme to defraud.

A review of Mr. Turner's arguments and the "newly discovered evidence" upon which he relies convinces the court that Mr. Turner is merely restating the arguments the court found in its January 7 Opinion and Order to be arguments attacking the substance of his criminal conviction. *See* Op. and Ord. (Jan. 7,


2011), at 3-4. Mr. Turner hasn't presented any exceptional circumstances that would justify relief under Rule 60.

III. CONCLUSION

Based on the foregoing, the court DENIES Mr. Turner's motion to recuse [docket # 250] and DENIES his motion to reconsider and supplement the record [docket # 251].

SO ORDERED.

ENTERED:  January 26, 2011

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana

cc: Clerk, Seventh Circuit Court of Appeals
D. Turner
AUSA Grimmer