UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CR-22 RLM |
| | ) | |
| DARRELL TURNER (02) | ) | |

OPINION AND ORDER

Darrell Turner, by counsel appointed by the court, has petitioned for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. That amendment, which applies retroactively, reduced the advisory sentencing ranges for crack cocaine crimes. Mr. Turner's sentence consists of an awkward combination of mandatory minimum and consecutive sentences and sentences for which the sentencing guidelines provide guidance. For ease of communication, the court explains the issues and its ruling with reference to the calculated offense level rather than the overall sentencing range.

At the original sentencing hearing, Mr. Turner's guideline range was determined by an offense level of 36. The court selected a sentence 18 months (about 31 percent) above the low end of the range.

Mr. Turner's sentencing range was recalculated in 2008 in light of the first set of retroactive guideline amendments for crack cocaine cases. Mr. Turner's guideline range was recalculated based on a new offense level of 34, and was 47 to 58 months lower than his original range. The court reduced Mr. Turner's

sentence by 32 months, expressly noting that "[t]he modified sentence would be lower but for Mr. Turner's 6 serious misconducts while in prison."

The government and Mr. Turner agree that under Amendment 750, Mr. Turner's guideline range is recalculated based on a new offense level of 32, and would be 37 to 47 months lower than his 2008 recalculated range. Mr. Turner's conduct in prison since 2008 has shown no improvement, though: since the 2008 reduction, Mr. Turner has been sanctioned two times for assault, once for fighting, twice for possession of intoxicants, and once for disobeying an order. Based on that record — which is among the poorest this judge has seen in reports under 18 U.S.C. § 3582(c)(2) — the government recommends that the court not reduce Mr. Turner's sentence further.

The court can't agree fully with the government. Today's decision should reflect Mr. Turner's poor conduct in prison, but that consideration should not perpetuate what the Sentencing Commission and Congress have decided was an unreasonably high sentence for crimes involving this quantity of cocaine base. Accordingly, the court grants a reduction under Amendment 750 with respect to the guideline-driven counts and calculates it as follows:

- Mr. Turner's original sentence was about 31 percent above the low end of the guideline range.
- A comparable sentence under the recalculated 2008 range would have been 9 months less than what the court granted after accounting for Mr. Turner's prison conduct. Stated differently, Mr.

2

Turner's poor conduct in prison meant his 2008 reduced sentence was 9 months longer than it would have been otherwise.

- A sentence 31 percent above the low end of today's guideline range (151-188 months) would be about 160 months. Adding back in the 9 months the court declined to award in 2008 brings that figure to 169 months.

- Today's modification should reflect Mr. Turner's poor conduct since the 2008 modification as well as the poor conduct before that modification, and should also reflect that his poor conduct since the 2008 modification came after he was penalized for the earlier conduct.

- For these reasons, the court declines to award an additional 18 months, bringing the modified sentence on the guideline counts to 187 months.

For these reasons, the defendant's previously imposed and previously modified sentence of imprisonment on Counts 1s, 3s, 6s, and 7s is reduced to 187 months' imprisonment (based on an offense level of 32, a criminal history category of III, and a sentencing range of 151-188 months). The sentences on the remaining counts are unchanged.

SO ORDERED.

ENTERED:  March 28, 2012

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: D. Turner
    W. Grimmer-AUSA
    USPO
    USM